OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Cleveland Bar Association v. Jones.
[Cite as Cleveland Bar Assn. v. Jones (1993),        Ohio
St.3d         .
Attorneys at law -- Misconduct -- Suspended one-year suspension
     with conditions -- Neglecting an entrusted legal matter --
     Failing to carry out contract for professional services.
     (No. 93-1773 -- Submitted October 12, 1993 -- Decided
December 29, 1993.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Ohio Supreme Court, No. 92-65.
     In a complaint filed December 7, 1992, relator, Cleveland
Bar Association, charged respondent, Willie K. Jones of
Cleveland, Attorney Registration No. 0031440, with two counts
each of having violated DR 6-101(A)(3) (neglecting an entrusted
legal matter) and 7-101(A)(2) (failing to carry out contract
for professional services).  Respondent failed to answer, and
relator moved for default in accordance with former Gov.Bar R.
V(13)(B) (now V[6][F]).  A panel of the Board of Commmissioners
on Grievances and Discipline of the Supreme Court ("board")
granted the motion, but also conducted a hearing to consider
the degree of discipline to impose.  Respondent appeared at
that proceeding.
     Evidence submitted in support of the motion for default
and at the hearing established that Henry L. Talbert had
retained respondent to evict a tenant in August 1989.
Respondent quoted a fee of $100 plus court costs, and Talbert
paid $35 specifically for the filing of a three-day notice of
eviction with the Housing Division of the Cleveland Municipal
Court.  Respondent never filed the notice or performed any
other service for Talbert.
     Evidence also established that Carolyn D. Little retained
respondent in May 1989 to represent her in a consumer dispute
over an automobile and to defend her against efforts to
repossess the car.  Respondent quoted a fee of $800, and Little
paid respondent $400, with the remaining $400 to be paid upon
resolution of these matters.  Little attempted to contact
respondent during the next two months without success.  In
August 1989, respondent represented that he would file a

complaint for the consumer dispute, but he never did. Thereafter, a complaint was filed against Little by the bank that had loaned her the money to buy the car. Respondent failed to answer this complaint, and a default judgment was entered against Little. Little asked respondent twice to refund the $400 she had paid him, but respondent refused to repay more than $300.

Based on the foregoing, the panel found that respondent had violated the Disciplinary Rules as charged in both counts of the complaint. Respondent, a forty-four-year-old sole-practitioner whose sight impairment apparently prevents him from reading without someone's assistance, offered little evidence to explain his misconduct. Respondent also seemed to have no appreciation for the seriousness of the disciplinary proceedings or the panel's findings.

The panel recommended that respondent be suspended from the practice of law for one year, but that this period be suspended on the following conditions:

"1. Respondent [shall] actively seek and establish a relationship with an attorney, or in an office where other attorneys are practicing (private or government), where he will receive counsel[ing], monitoring, and advice; this is to be accomplished within three months of the date of the suspension.

"2. The Cleveland Bar Association [shall] appoint a monitor forthwith to oversee the proposed change in the method by which the Respondent practices law.

"3. [If], [a]t the end of the three month[] period[,] an association as contemplated above has not been established to the satisfaction of the monitor, the balance of the suspension from the practice of law * * * will be imposed."

The board adopted the panel's findings and its recomendation.

Richard R. Endress, Paul C. Morrision and James F. Sexton, for relator.

Willie K. Jones, pro se.

Per Curiam. We agree with and adopt the board's findings and recommendation. Respondent is ordered suspended from the practice of law in Ohio for one year, but the suspension period is suspended on the above conditions set forth by the board. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright and Resnick, JJ., concur.

F.E. Sweeney, J., dissents and would suspend respondent for one year without probation.

Pfeifer, J., dissents and would publicly reprimand respondent.